UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEPHEN RECTOR, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs.* | ) | 1:11-cv-0674-JMS-TAB |
| | ) | |
| TOWN OF FISHERS, | ) | |
|    *Defendant.* | ) | |

# **ORDER**

Presently before the Court in this employment case is Defendant Town of Fishers' Verified Motion to Strike Plaintiff's Exhibit 11 in Response to Defendant's Motion for Summary Judgment. [Dkt. 29.]

In his response to the Defendant's Motion for Summary Judgment, the Plaintiff referenced an audiotape that he had made of a conversation with one of the Defendant's employees. [*See* dkt. 23-11.] The Defendant states, and the Plaintiff does not dispute, that the Plaintiff had never produced that audiotape during discovery in this action, [c*ompare* dkt. 29 ¶6, *with* dkt. 31], despite a document request for "[a]ny and all statements, whether written, oral, recorded, transcribed, notes or summaries of statements…in any way connected with or referring to the occurrences in question," [dkt. 29-1 at Request No. 1]. To that request, the Plaintiff responded without objection: "See attached documents." [Dkt. 29-3 at Response to Request No. 1.] Although never physically produced, the parties dispute, the extent to which Plaintiff's counsel had verbally disclosed the existence of the audiotape at various stages in this litigation. [*Compare* dkt. 29 ¶8, *with* dkt. 31 ¶16.]

The Federal Rules of Civil Procedure permit liberal discovery to make "trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). To that

end, the Federal Rules impose some affirmative disclosure obligations upon litigants even in the absence of any formal request, including "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. Pro. 26(a)(1)(A)(ii). Of course, the liberal discovery provisions give parties the right to request additional information and documents, too, which must be provided—after a "careful and thorough search" unless the opposing party specifically objects to them. *Novelty, Inc. v. Mt. View Mktg.*, 265 F.R.D. 370, 376 (S.D. Ind. 2009). Further, the Federal Rules require a party to supplement its discovery, whether called for by initial disclosures or in response to specific request. Fed. R. Civ. Pro. 26(e)(1).

The audiotape at issue should have been produced as part of the initial disclosures; after all, the Plaintiff seeks to rely on it on summary judgment. Additionally, the Plaintiff should have produced the audiotape in response to the document request specifically calling for it. Indeed, so clear is the discoverability of the audiotape that the Court notes that Plaintiff's counsel has been unable to explain why the audiotape was not produced during discovery. [*See* dkt. 31.]

Where, as here, a party withholds information subject to automatic disclosure under Rule 26, "[t]he exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (citation omitted). Given the Plaintiff's inability to explain its nonproduction, the Court cannot find that the non-disclosure was justified. As for harmlessness, the Plaintiff does not argue it. Even if the Plaintiff had, the Court would reject here. The Defendant prepared its motion for summary judgment based upon what it believed to be the evidentiary record. Had it known about the audiotape, it might have structured its argument differently—or

perhaps even avoided filing a motion altogether. Accordingly, consistent with Rule 37(c)(1), the Court will exclude the undisclosed evidence for the purposes of summary judgment.

Although the Defendant has asked for fees in connection with the present motion, the Court will deny them. First, the request came in the reply brief rather than in the opening brief, [dkt. 32 at 2], making it untimely, *see, e.g.*, *Valentine v. City of Chicago*, 452 F.3d 670, 678-79 (7th Cir. 2006) (deeming argument raised for the first time in reply to be waived). Secondly, the Defendant did not confer about this motion with the Plaintiff before filing it. [*See* dkt. 31.] The Court's Local Rules require parties to confer before the filing of a "motion for the award of attorney's fees." L.R. 7(e). *See also* L.R. 37.1(b) (permitting the Court to deny any motion about a discovery dispute if the moving party does not first confer with opposing counsel about it). While the Plaintiff wrongly suggests that the failure to confer precludes granting the motion to strike—as indicated above, exclusion is automatic—it does grant the Court discretion to deny fees, which the Court exercises here.

The Defendant's motion to strike, [dkt. 29], is **GRANTED**. The Plaintiff must file a revised response within **seven days** that omits any reference to the non-disclosed audiotape. In light of the re-filing of the brief, the Defendant's motion for time to file its reply, [dkt. 30], is **DENIED AS MOOT**.

06/13/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Paul J. Cummings
HENN LAW FIRM PC
Paul.Cummings@HennLawOnline.com

Julie Joy Havenith
TRAVELERS STAFF COUNSEL OFFICE
jhavenit@travelers.com

David M. Henn
HENN LAW FIRM P.C.
david.henn@hennlawonline.com

Jennifer Lee Williams
CHURCH CHURCH HITTLE & ANTRIM
williams@cchalaw.com